IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| DOUGLAS A. BARKER, | ) Civil Action No. 2:10-3179-RMG-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| DENISE DANIEL and LIBERTY UNIVERSITY, | ) |
| Defendants. | ) |

This action was originally filed by the Plaintiff, pro se,[1] in the South Carolina Court of Common Pleas, Ninth Judicial Circuit. The case was subsequently removed to this Court by the Defendant Daniel[2] on the basis of diversity jurisdiction. 28 U.S.C. § 1332(a)(1).

The Defendant Daniel filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on March 31, 2011, arguing that she is not subject to personal jurisdiction in this Court. Daniel has also filed a motion for judgment on the pleadings on the grounds that Plaintiff has failed to state a claim against her. A Roseboro order was entered by the Court advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response, following which Plaintiff

---

[1] The case has been designated a "pro se" case because, even though the Plaintiff is a licensed attorney, he is representing himself.

[2] Liberty University was not initially a Defendant, but was added in an Amended Complaint.



1

filed responses in opposition to both of Daniel's motions. Daniel filed a reply memorandum to Plaintiff's response to her motion to dismiss for lack of jurisdiction.

These motions are now before the Court for disposition.[3]

## Allegations of the Complaint

Plaintiff alleges in his First Amended Complaint that he is a resident of Charleston County, and that in January 2007 he enrolled in Liberty University's on-line distance learning program in order to earn a Master of Arts degree in Professional Counseling with a goal of becoming a licensed professional counselor in South Carolina. Liberty University is alleged to be an educational facility located in Lynchburg, Virginia, which maintains a website offering online degree programs featuring, inter alia, online instruction. Plaintiff quotes Liberty University's website as stating "Liberty University, the world's largest Christian University, offers over 140 exceptional undergraduate and graduate programs on its central Virginia campus and globally online." Denise Daniel is alleged to be the Director of the Master of Arts and Professional Counseling program and an assistant professor at Liberty University.

Plaintiff alleges that he has completed all required course work for his degree at Liberty University, and is enrolled in the final field placement, "COUN 699 Internship". Plaintiff alleges that in February 2010 he had secured a practicum and an internship at the Medical University of South Carolina (MUSC) Institute of Psychiatry with approval from Liberty University, had actually begun working at MUSC in April 2010, and was scheduled to complete both the internship and his degree requirement in December 2010. Plaintiff alleges that he had planned to begin his new profession as

---

[3]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), D.S.C. The Defendant Daniel has filed motions to dismiss. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



a professional counselor after receiving his degree in December 2010.

Plaintiff alleges that as Director of Liberty University's Master of Arts and Professional Counseling program, Daniel supervised and exercised control over his internship. Plaintiff alleges that in September 2010 an "institutional issue" concerning his internship arose between the MUSC Institute of Psychiatry and Liberty University, but that rather than resolving this institutional issue Daniel instructed him to "find another site". Plaintiff alleges that this "institutional issue" (which is not identified in the text of the Complaint) was "unforeseeable by Plaintiff" but was foreseeable by Liberty University and Daniel. Plaintiff also alleges that Liberty University and Daniel took an inordinate amount of time to respond to this problem, failed to follow its own institutional policies and procedures, and that when Plaintiff expressed disappointment with Daniel suggesting that he "find another site", Daniel "responded with malice, impugning Plaintiff's reputation and professional abilities, as well as his personal demeanor." Plaintiff alleges that he filed two formal grievances, one addressing Liberty University's obligations and another addressing Daniel's allegedly "improper actions", but that nothing has been done to redress his grievances and Daniel "has not retracted her malicious defamatory statement." Plaintiff also alleges that he wrote directly to the President of Liberty University and to Daniel to bring attention to his grievances, but has received no response.

Plaintiff has sued both Liberty University and Daniel in this lawsuit. In his First Cause of Action, Plaintiff asserts a claim for negligence against Daniel, asserting that Daniel owed him a duty of care, that Daniel failed to meet her standard of care, and that Plaintiff was damaged as a result. Plaintiff further alleges that Daniel acted with sufficient malice to support an award of punitive damages. In his Second Cause of Action, Plaintiff asserts a claim against Daniel for liable per se, alleging that Daniel made a false and defamatory statement concerning Plaintiff, specifically accusing



3

him in writing of negligence and of having a poor attitude. Plaintiff further alleges that Daniel published her libelous statement to third parties without privilege, and acted with malice in order to satisfy her ill will toward the Plaintiff, entitling him to punitive damages. In his <u>Third Cause of Action</u>, Plaintiff asserts a claim against Daniel for defamation <u>per quod</u>, again alleging that Daniel made false and defamatory statements concerning the Plaintiff, and published her defamatory statements to third parties without privilege. Plaintiff further alleges that, although the defamatory meaning is not apparent on the face of Daniel's statements, they were defamatory <u>per quod</u>. Plaintiff also again alleges malice. In his <u>Fourth Cause of Action</u>, Plaintiff alleges a claim of negligence against the Defendant Liberty University, alleging that Liberty University owed him a duty of care, that Liberty University failed to meet its standard of care, and that Plaintiff was damaged as a result. In his <u>Fifth Cause of Action</u>, Plaintiff alleges a claim of negligent supervision against the Defendant Liberty University, alleging that Liberty University was negligent in its supervision of its employee, Daniel. In his <u>Sixth and final Cause of Action</u>, Plaintiff asserts a claim against Liberty University under the theory of agency/<u>respondeat superior</u>, alleging that Daniel's improper acts should be imputed to Liberty University. Plaintiff seeks monetary damages. <u>See generally</u>, First Amended Complaint.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a <u>pro se</u> litigant to allow



4

the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). Although Plaintiff is an attorney, as he considered to be proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, after a careful review and consideration of the allegations of Plaintiff's Complaint pursuant to the cited standards, the undersigned finds and concludes for the reasons set forth hereinbelow that Plaintiff has failed to establish personal jurisdiction over the Defendant Daniel, and that she is therefore entitled to dismissal as a party Defendant in this case.

A federal court may exercise personal jurisdiction over a Defendant in the manner provided by state law. Rule 4(k)(1)(A), Fed.R.Civ.P.; ESAB Group, Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997). With respect to a non-resident Defendant, the exercise of jurisdiction must be both authorized under the state's long-arm statute, and must comport with the due process requirements of the Fourteenth Amendment. Carefirst of Maryland v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 396 (4th Cir. 2003). South Carolina's long-arm statute, S.C.Code Ann. § 36-2-803, requires that non-resident Defendants have sufficient minimum contacts with South Carolina so that maintenance of the action "does not offend traditional notions of fair play and substantial justice." Atlantic Soft Drink Co. of Columbia, Inc. v. South Carolina National Bank, 336 S.E.2d 876, 878 (S.C. 1985), quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Factors to be considered in determining whether due process is satisfied include the interest of the State in exercising its jurisdiction over non-residents, as well as 1) the duration of the activity of the non-resident in South Carolina; 2) the character and circumstances of the commission of the non-resident's acts; and 3) the inconvenience resulting to the parties by conferring or refusing to confer jurisdiction over the non-resident. Atlantic Soft Drink Co., 336 S.E.2d at 878. Further, when personal jurisdiction



is challenged pursuant to Rule 12(b), the Plaintiff has the burden of showing that jurisdiction exists. In re Celotex Corp., 124 F.3d 619, 628 (4th Cir. 1997).

The underlying facts pertinent to Daniel's motion in this case are not in dispute. Plaintiff is a resident of South Carolina, while Daniel is a resident of Virginia. Daniel owns no property in South Carolina, is not employed in South Carolina, and maintains no registered agent for service of process in South Carolina. There is also no allegation that Daniel has ever been to South Carolina with respect to the issues and facts alleged in the Complaint, nor is there any allegation of a personal contract existing between Daniel and the Plaintiff. See Daniel Affidavit, at ¶¶ 7-8; First Amended Complaint, ¶¶ 3 and 7. Rather, Plaintiff's contract is with Liberty University, where Daniel is employed. First Amended Complaint, at ¶ 7. It is also undisputed that the sole source of contact between Daniel and the Plaintiff are some brief email exchanges relating to his internship. Plaintiff's Affidavit, at ¶ 6 and attached Exhibit 1 [Copies of emails].

While email, telephone, and mail contacts into a forum can establish personal jurisdiction under some circumstances; cf. Heritage House Rests., Inc. v. Cont'l Funding Grp., Inc., 906 F.2d 276, 283-284 (7th Cir. 1990)[Personal jurisdiction existed where defendants "reached out" to Plaintiffs through telephone calls and mailings"]; such circumstances normally relate to more extensive types of contact or the forming of contracts between parties or similar type processes. Cf. Triad Capital Mgmt., LLC v. Private Equity Capital Corp., 2008 WL 4104357, at * 5 (N.D.Ill. Aug. 25, 2008)[Finding that telephone or email contract related contact can create a substantial connection between the Defendant and the forum state]; Preussag Int'l Steel Corp. v. Ideal Steel & Builders Supplies, Inc., 2004 WL 783102, at * 4 (N.D.Ill. Jan. 21, 2004)[Where defendant contacted plaintiff by mail and telephone to place orders, dispute invoices, negotiate terms, and submit payment, there



were sufficient contacts to satisfy due process]. However, while Plaintiff arguably had a contract with the Defendant Liberty University, he had no contract with Daniel, who was merely an employee of Liberty. Further, Daniel's sole contact with the Plaintiff arose out of an attempt to resolve a dispute between the Plaintiff and Liberty University. These emails from Daniel are not sufficient to confer personal jurisdiction over Daniel in South Carolina, as such random and attenuated contacts are insufficient to warrant the exercise of jurisdiction. See Asset Allocation and Management Co. v. Western Employers Ins. Co., 892 F.2d 566, 570 (7th Cir. 1989)[Holding that contacts with Illinois limited to "paying and complaining" are insufficient to establish personal jurisdiction over an out-of-state resident]; Barrett v. Catacombs Press, 44 F.Supp.2d 717, 729 (E.D.Pa. 1999)["Telephone communication or mail sent by a defendant [does] not trigger personal jurisdiction if they 'did not show purposeful availment'"], quoting Mellon Bank (east) Psfs, NA v. DiVeronica Bros., Inc., 982 F.2d 551, 556 (3rd Cir. 1993). In Barrett, the Court found that the exchange of three emails between the Plaintiff and Defendant regarding the contents of the Defendant's website, without more, did not "amount to the level of purposeful targeting required under the minimum contacts analysis". Id., at 729. Such is the case here. See also Machulsky v. Hall, 210 F.Supp.2d 531, 542 (D.N.J. 2002)[Minimal email correspondence, "by itself or even in conjunction with a single purchase does not constitute sufficient minimum contacts"]; see also Diamond Health Care of Ohio, Inc. v. Humility of Mary Health Partners, 229 F.3d 448 (4th Cir. 2000); Reynolds v. Int'l Amateur Athletic Federation, 23 F.3d 1110, 1119 (6th Cir. 1994)["Use of interstate facilities such as the telephone and mail is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process"] (citations omitted); cf. Wells American Corp. V. Sunshine Elecs., 717 F.Supp. 1121 (D.S.C. 1989).



Additionally, it would be manifestly unfair to require Daniel, an employee of Liberty University, resident of Virginia with no business contacts in South Carolina, whose only conduct alleged in the Complaint is the sending of three emails, to defend a lawsuit in this State. ALS Scan, Inc. v. Digital Sevice Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)["[A] person's act of placing information on the Internet [is not alone sufficient to] subject that person to personal jurisdiction in each State in which the information is accessed"]. "The courts exercise of jurisdiction over a non-resident defendant comports with due process only if that defendant has sufficient minimum contacts with the forum state such that to require the defendant to defend its interest in that state does not offend traditional notions of fair play and substantial justice." Mitan v. Pendarvis, No. 07-2762, 2008 WL 1930072, at * 3 (D.S.C. Apr. 30, 2008); see also Moore v. Novo Nordisk, Inc., No. 10-2182, 2011 WL 1085650, at * 1-2 (D.S.C. Feb. 10, 2011).

In sum, Plaintiff has failed to demonstrate that Daniel had minimum contacts with South Carolina such that the exercise of personal jurisdiction over her would comport with the requirements of due process, or that Daniel should have reasonably anticipated being hauled into court in South Carolina. Accordingly, Daniel is not subject to personal jurisdiction in South Carolina, and her motion to dismiss for lack of personal jurisdiction should be granted. Further, because the Court does not have personal jurisdiction over this Defendant, her remaining motion for judgment on the pleadings should be denied without prejudice as moot.

### Conclusion

For the reasons set forth hereinabove, the Defendant Daniel's motion to dismiss for lack of jurisdiction should be **granted**. Daniel's remaining motion for judgment on the pleadings should be **denied**, without prejudice, as being **moot**.

8



The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June 2, 2011
Charleston, South Carolina



9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a Defendants' Exhibit novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

