IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
CLERK, CHARLESTON, SC
2011 JUN 29 A 7 50

| | |
|---|---|
| Douglas A. Barker,        ) | |
|     Plaintiff,        ) | Civil Action No. 2:10-3179-RMG |
|                         ) | |
|     v.              ) | **ORDER** |
|                         ) | |
| Denise Daniel and Liberty University, ) | |
|     Defendants.       ) | |

This matter is before the court in Plaintiff's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation. On June 2, 2011, the Magistrate Judge issued a Report recommending that Defendant Daniel's motion to dismiss for lack of jurisdiction be granted and Defendant Daniel's remaining motion for judgment on the pleadings be denied, without prejudice, as being moot. (Dkt. No. 40). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. Plaintiff has failed to object to the Report. As explained herein, this Court has reviewed the Record for any errors of law and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter for any errors of law, the Court agrees with the conclusions of the Magistrate Judge. Here, the Court does not have jurisdiction to entertain this matter. Plaintiff is a resident of South Carolina, while Defendant is a resident of Virginia. Defendant owns no property in South Carolina, is not employed in South Carolina, and maintains no registered agent for service of process in South Carolina. Further, there is no allegation that Defendant has traveled to South Carolina with respect to the issues and facts alleged in the Complaint. Plaintiff's contract was with Liberty University, and no personal contract existed between Plaintiff and Defendant. In fact, the only source of contact between Plaintiff and Defendant was a brief exchange of emails arising out of an attempt to resolve a dispute between Plaintiff and Liberty University relating to Plaintiff's internship.

A federal court may exercise personal jurisdiction over a Defendant in the manner provided by state law. Rule 4(k)(1)(A), Fed.R.Civ.P.; *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997). With respect to a non-resident Defendant, the exercise of jurisdiction must be both authorized under the state's long-arm statute, and must comport with the due process requirements of the Fourteenth Amendment. *Carefirst of Maryland v. Carefirst Pregnancy Ctrs.*, 334 F.3d 390, 396 (4th Cir. 2003). South Carolina's long-arm statute, S.C. Code Ann. § 36-2-803, requires that non-resident Defendants have sufficient minimum contacts with South Carolina so that maintenance of the action "does not offend traditional notions of fair

play and substantial justice." *Atlantic Soft Drink Co. of Columbia, Inc. v. South Carolina National Bank*, 336 S.E.2d 876, 878 (S.C. 1986), quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Here, the sending of three emails from Defendant to Plaintiff alone is not sufficient to establish minimum contacts and confer personal jurisdiction over Defendant in South Carolina, as such random and attenuated contacts are insufficient to warrant the exercise of jurisdiction. *See Asset Allocation and Management Co. v. Western Employers Ins. Co.*, 892 F.2d 556, 570 (7th Cir. 1989) (Holding that contacts with Illinois limited to "paying and complaining" are insufficient to establish personal jurisdiction over an out-of-state resident); *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 729 (E.D.Pa. 1999) ("Telephone communication or mail sent by a defendant [does] not trigger personal jurisdiction if they 'did not show purposeful availment'"), quoting *Mellon Bank (east) Psfs, NA v. DiVeronica Bros., Inc.*, 982 F.2d 551, 556 (3rd Cir. 1993); *See also Machulsky v. Hall*, 210 F.Supp.2d 531, 542 (D.N.J. 2002) (Minimal email correspondence, "by itself or even in conjunction with a single purchase does not constitute sufficient minimum contacts"); *See also Diamond Health Care of Ohio, Inc. v. Humility of Mary Health Partners*, 229 F.3d 448 (4th Cir. 2000).

Furthermore, it would be manifestly unfair to require Defendant, an employee of Liberty University, resident of Virginia with no business contacts in South Carolina, whose only conduct alleged in the Complaint is the sending of three emails, to defend a lawsuit in this State. *See ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) ("[A] person's act of placing information on the Internet [is not alone sufficient to] subject that person to personal jurisdiction in each State in which the information is accessed").

Plaintiff has failed to establish that Defendant has minimum contacts with South Carolina such that the exercise of personal jurisdiction over Defendant would comport with the requirements of due process, or that Defendant should have reasonably anticipated being hauled into court in South Carolina. As a result, personal jurisdiction over the defendant does not exist. Thus, because the Court does not have personal jurisdiction over the defendant, her remaining motion for judgment on the pleadings must be denied without prejudice as moot.

Accordingly, the Court adopts the Report and Recommendation. Therefore, Defendant Daniel's motion to dismiss for lack of jurisdiction is **GRANTED**, and Defendant Daniel's remaining motion for judgment on the pleadings must be **DENIED**, without prejudice, as being moot.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 28, 2011
Charleston, South Carolina